**Donimic T. BROOKS, Plaintiff–Appellant,**

v.

**Todd THOMAS, Warden–Saguaro Correctional Center; Benjamin Griego, Assistant Warden–Saguaro Correction Center, named as Ben Griego, Defendants–Appellees.**

No. 13–17485.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Dec. 3, 2014.

Donimic T. Brooks, Eloy, AZ, pro se.

Rachel Love, Daniel Patrick Struck, Esquire, Managing Senior Counsel, Kevin L. Nguyen, Struck, Wieneke & Love, PLC, Chandler, AZ, for Defendants–Appellees.

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Donimic T. Brooks, a Hawaii state prisoner, appeals pro se from the district court's judgment dismissing for failure to exhaust administrative remedies his 42 U.S.C. § 1983 action alleging that defendants retaliated against him while he was housed in Arizona. We have jurisdiction under 28 U.S.C. § 1291. We review de

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

novo. *Albino v. Baca,* 747 F.3d 1162, 1171 (9th Cir.2014) (en banc). We affirm.

The district court properly concluded that Brooks failed to exhaust his administrative remedies as to the alleged retaliatory removal from the religious program because Brooks did not exhaust his grievance to the final level of review and he did not demonstrate that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo,* 548 U.S. 81, 85, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell,* 623 F.3d 813, 823–24 (9th Cir.2010) (describing limited circumstances under which administrative remedies are deemed unavailable or exhaustion is excused). Moreover, Brooks failed to exhaust his administrative remedies as to the alleged retaliatory placement in administrative segregation because he did not file a grievance regarding these allegations. *See Woodford,* 548 U.S. at 93–95, 126 S.Ct. 2378.

All pending motions are denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.